UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: MARQUETTE TRANSPORTATION    CIVIL ACTION
GULF-INLAND, LLC, AS OWNER PRO HAC
VICE OF THE M/V ST. THOMAS, OFFICIAL   NO. 14-1961
NO. 1050938, FOR EXONERATION FROM OR
LIMITATION OF LIABILITY    SECTION "B"(5)

ORDER AND REASONS

Before the Court are Motions for Summary Judgment on Liability filed by the Claimants-in-Limitation in this matter, the Louisiana Department of Transportation and Development ("DOTD") and the Iberville Parish Council ("Iberville Parish") (collectively, "the Claimants"). (Rec. Docs. 43, 44).[1] Limitation Plaintiff, Marquette Transportation Gulf-Inland, LLC ("Marquette"), has filed a responsive pleading in the context of a previously granted motion, which this Court relies on in making its decision. (Rec. Docs. 52, 57). Accordingly,

**IT IS ORDERED** that the motions are **DENIED** as set forth more fully below.

I.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A genuine issue exists if the evidence

---

[1] Iberville Parish's Motion adopts the arguments of DOTD's Motion, thus this Court will only make reference to DOTD's Motion.

1

would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998).

The moving party bears the initial responsibility of informing the district court of the basis for its motion and must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56). If and when the movant carries this burden, the nonmovant must then go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

## II. **ANALYSIS**

In the Motions for Summary Judgment on Liability, the Claimants argue that Marquette is solely liable for the allision

under general maritime negligence, *The Oregon* Rule, and *The Pennsylvania* Rule. (Rec. Doc. 43-1 at 4). Under general maritime law, the Claimants assert that Marquette is liable and at fault based on the negligence of Mr. Wilkes, Marquette's captain of the *M/V St. Thomas* on February 28, 2014, the day of the allision. (Rec. Doc. 43-1 at 4). Under *The Oregon* Rule, the Claimants argue that there is a presumption of fault on the moving vessel that allides with a stationary object, a presumption which Marquette has failed to overcome through showing by a preponderance of the evidence that either (1) the allision was the fault of the stationary object, (2) that the moving vessel acted with reasonable care, and/or (3) that the allision was an unavoidable accident. (Rec. Doc. 43-1 at 6-7).[2] Under *The Pennsylvania* Rule, the Claimants aver that there is a presumption that Marquette is at fault due to alleged violations of the Inland Rules of Navigation on the part of Mr. Wilkes. (Rec. Doc. 43-1 at 7-8).

Marquette's Opposition to DOTD's Motion for Consideration has highlighted to this Court that there are genuine issues of material fact precluding summary judgment at this stage. Specifically, Mr. Wilkes indicated to the Coast Guard that a mechanical steering failure caused the incident, though further investigations failed

---

[2] For this assertion, Marquette cites two cases, citing them both as Fifth Circuit precedent. This Court notes that one case is actually from the Louisiana Fifth Circuit Court of Appeal, but *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 503 (5th Cir. 1994) is instructive.

to reveal as much. (Rec. Doc. 52 at 2). Consequently, there is a genuine issue of material fact as to whether the negligence of Mr. Wilkes caused the allision, so as to hold Marquette liable under general maritime law. Additionally, there is a genuine issue of material fact as to whether Marquette can overcome *The Oregon* presumption of liability through a preponderance of the evidence showing that the allision was an unavoidable accident as the steering failure, if proven, may indicate that the accident was unavoidable. Finally, there is a genuine issue of material fact as to whether Marquette can, with this evidence of steering failure, prove that Mr. Wilkes' fault was not the cause of the accident.

## III. CONCLUSION

For the reasons set forth above, the Court holds that summary judgment is not appropriate at this juncture, but reserves the right to consider these issues when they are presented at trial. Accordingly, **IT IS ORDERED** that the Claimant's Motions for Summary Judgment on Liability are **DENIED**. In doing so, we note that opponent's evidentiary material while raising a material factual dispute appears to do so ever so lightly.

New Orleans, Louisiana, this 6th day of November, 2015.

_____
UNITED STATES DISTRICT JUDGE

4